**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50531 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01289-LAB |
| v. | |
| LEO NICOLAS GASGA-AMAYA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 8, 2011[**]

Before:    O'SCANNLAIN, TASHIMA, and GRABER, Circuit Judges.

Leo Nicolas Gasga-Amaya appeals from the 60-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gasga-Amaya contends that the district court committed procedural error by imposing an upward variance largely on the basis of its perceived need for deterrence notwithstanding Gasga-Amaya's promise not to return to the United States. The district court did not commit procedural error. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Gasga-Amaya also contends that the district court committed procedural error by failing to explain adequately its rationale for imposing an upward variance under 18 U.S.C. § 3553(a) and by failing to follow the proper procedure for imposing such a variance. The record belies these contentions.

Lastly, Gasga-Amaya contends that the sentence above the advisory Sentencing Guidelines range is substantively unreasonable. The 60-month sentence was substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, particularly the need for the sentence imposed to reflect the need to afford adequate deterrence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**